GILES HARRINGTON *v.* TOWN OF ALBURGH.

Harrington
*v.*
Town of Al-
burgh.

Transient poor, falling within the eleventh section of the act of 1797, do not come within the twentieth section, requiring an order for their support, in order to bind the town beyond five dollars, and especially in a case in which the town had, by their committee, allowed an account for supporting such poor beyond the sum of five dollars, had made provision by vote for the payment, and had made such account the ground of a claim against the town, where the transient pauper had her legal settlement, which they had compromised.

THIS was debt on simple contract.    Plea, general issue with notice of special matter.

The plaintiff, on the trial in the county court, introduced testimony, tending to prove that he kept and took care of Sarah J. Green, a pauper, from the 16th day of February, A. D. 1835, to the 16th of May, following, at an average expense of three dollars or more per week ; that previous to the 16th day of April, A. D. 1835, he also supplied some necessary clothing and medicine for said pauper, to the amount of about four dollars ; that while he was so keeping the said pauper, he wrote and received sundry letters to and from different towns in this state, in the endeavor to ascertain her place of settlement, and that this was done with the knowledge and approbation of the overseers of the poor of said town of Alburgh ; that he also, at their request, made out the usual papers in a court of inquiry, at which she was adjudged to have her settlement in the town of Randolph, and was ordered to be removed thither ; that he removed her to Randolph, under a warrant from the justices for that purpose, and that said justices made an allowance, in writing, for the expenses of such removal.    The plaintiff also proved, that he brought an action in favor of the defendants, against the town of Randolph, which was settled before being entered in court, for the sum of seventy dollars, paid by Randolph to the defendants ; and the testimony tended to show said suit brought at the request of the overseers and selectmen of Alburgh.

The testimony tended to prove that the pauper was brought from across the lake, in December, 1834, by some person unknown, and left at the house of one John M. Sowles, in Alburgh ; that being sick and in need of relief, she was immediately provided for by the overseers of the poor, who

placed her in the family of one Mitchell, at the price of two Grand Isle, dollars per week; she was taken to the house of one Walk-January, er, in said Alburgh, where she remained two or three weeks, Harrington when she was taken to the house of the plaintiff, with his consent, and remained there until her removal to Randolph. The evidence did not tend to show that her removal to Walker's, or the plaintiff's, was made by agreement or direction of the defendants, or any of their officers; but she was seen, by one or more of the overseers, while at Walker's, and by two or all of them while at the plaintiff's, previous to the 16th day of April, A. D. 1835. Although it did not appear that they expressly authorized any expense incurred on her account at Walker's, or at the plaintiff's previous to said 16th day of April, it appeared that on the 16th day of April, A. D. 1835, the plaintiff requested the overseers to take her from his house and provide for her; but as she was too much indisposed to be removed, they requested the plaintiff to keep her, and promised that he should be duly compensated. It was further shown that, just previous to the annual March meeting in 1836, a committee appointed to assertain and report the claims then existing against said town, called on the plaintiff for a statement of his demands against the town, when he exhibited to said committee a specification in writing, which was in evidence on trial; that said committee reported to said March meeting the sum of sixty-three dollars and thirty cents, as due to the plaintiff, not specifying the items of his claims, which report was accepted by the meeting, and a vote was passed to raise a considerable sum to meet debts against the town.

There was no evidence in the case tending to show that any order of a justice, relating to the support to be furnished said pauper, was ever procured or applied for.

The evidence tended to prove that the defendants claimed, of the town of Randolph, a sum considerably larger than the seventy dollars which they finally received.

The court charged the jury, among other things, that the plaintiff was legally entitled to recover for the keeping and nursing of the pauper and for necessaries furnished her, only to the amount of five dollars.

The jury returned a verdict for the defendants, and the plaintiff excepted to said charge of the court.

GRAND ISLE,
January,
1842.

Harrington
v.
Town of Al-
burgh.

*O. Stevens* and *G. Harrington* for plaintiff.

1. The decision of the court, that no more than five dollars could be recovered without an order from a justice of the peace, was incorrect. The 20th section of the act of 1797, page 378, is applicable to the poor who have their legal settlement in the town which affords them relief, and this pauper comes within the 11th section providing for transient persons, so far as Alburgh was concerned, and, so far as Randolph was concerned, the pauper came within the 2d, 3d, 4th and 5th sections of the act. *Ives* v. *Wallingford*, 8 Vt. R. 224. *Danville* v. *Putney*, 6 Vt. R. 512. *Ives* v. *Hulet*, 12 Vt. R. 314. *Briggs et al.* v. *Whipple*, 6 Vt. R. 95.

2. The keeping of the pauper, on the agreement with the overseers, the allowance of the claims therefor, by the town committee, the acceptance of the report of that committee, by the town in March meeting, and the vote of a tax to pay it, would seem to be all the town could do to sanction or adopt the claim, if such sanction was at all necessary. And to say that this evidence did not *tend* to prove a liability on the part of the town would be to say that the town could not raise the tax, nor pay the claim at all, and overturn the doctrine laid down in *Briggs et al.* v. *Whipple*, 6 Vt. R. 95. Esp. Dig. 95, 96.

3. If the town was liable for the sixty-three dollars and thirty cents, allowed by the committee and thus sanctioned by the town, still the plaintiff had other charges for writing and receiving letters, &c., and the costs, Alburgh against Randolph, which, as the suit was then pending, was not presented before the committee, and for which the defendants recovered full pay of Randolph.

The law must be grossly inadequate to the ends of justice, when it holds that the town cannot be liable for more than five dollars for keeping the pauper, while the same town has received from Randolph seventy dollars for the same.

*Smalley & Adams*, for defendants.

1. The committee appointed by the town was not authorized by the vote of the town to settle and adjust claims against the town, but only to ascertain and report what sums were claimed by individuals from the town. But if the report of this committee bound the town, it also bound the

plaintiff and he has already received more from the town than the committee reported as due to him.

II. The court charged the jury that the plaintiff was legally entitled to recover for keeping and nursing said pauper and for necessaries furnished her only to the amount of $5.00.

1. The overseers of the poor are mere agents of the town and can bind the town only in the manner prescribed by the statute. *Castleton v. Miner,* 8 Vt. R. 209. *Aldrich v. Londonderry,* 5 Vt. R. 448. *Ives v. Wallingford,* 8 Vt. R. 224.

2. The statute, in relation to supporting the poor, recognizes three distinct classes of paupers. 1st. Persons having a legal settlement in any town or residing therein having no legal settlement in this state. In relation to this class of paupers, it is well settled that the overseers of the poor cannot make any contract whereby to charge the town for their maintenance for any sum exceeding $5.00 without an order of a justice, as prescribed in the 20th section. 2d. Strangers coming into any town to reside, having a legal settlement in some other town in this state. The overseers of the poor have no authority to make the town chargeable with the support and maintenance of this class of paupers, unless they are sick or disabled so that they cannot be removed without endangering life, as provided in the 4th section of the act, in which case no order of a justice is necessary to enable the overseers to make the town liable for their support. *Essex v. Milton,* 3 Vt. R. 17. *Londonderry v. Windham,* 2 Vt. R. 150. 3d. Transient persons, suddenly taken sick or lame, as mentioned in the 11th section. In this class of cases the overseers may bind the town for the support of paupers without an order from a justice, as provided in the 20th section.

All persons residing, or coming to reside, in any town, are to be deemed as persons belonging to the town where they reside, or come to reside, (within the meaning of the 20th section,) until an order is made judicially establishing the fact that their legal settlement is in some other town. Consequently, in all this class of cases, the overseers have no authority to make the town chargeable with their maintenance to a greater amount than $5.00 without an order from a justice, until after an order of removal has been made, and

GRAND ISLE, not even after an order of removal, unless they are sick or
January, unable to be removed as provided by the 4th section.
1842.
Harrington     In this case it is not pretended that the pauper was sick
v.      and unable to be removed, within the meaning of the 4th
Town of Al-
burgh.   section, or that the expenses claimed were incurred after the
order.

There is no pretence in this case for saying that the pauper was a transient person, within the meaning of the 11th section. The facts stated in the case show that she came to Alburgh to reside.

The adjudication of the court, making the order of removal, not having been appealed from, is conclusive evidence that the pauper came to Alburgh to reside within the meaning of the 3d and 4th sections.

This order, if unappealed from, is conclusive upon all the facts then adjudicated, not only as against Randolph, but all the world. If these positions are sustained, the defendants were not liable for the support of this pauper beyond the sum of $5.00, and the decision of the court below, on this point, ought to be affirmed.

The opinion of the court was delivered by

BENNETT, J.—The only point in the charge of the court, material to consider, is the instruction given by them, that the plaintiff was entitled to recover of the town for supporting and nursing the pauper, and necessaries furnished her, only to the amount of five dollars. This court are unanimous in the opinion that, in this, there was error, and for this cause the judgment of the county court should be reversed. This action having been brought for services rendered before the repeal of the 20th section of the act of 1797, relating to legal settlements and providing for the poor, is of course to be governed by the law then in force. In *Ives* v. *Wallingford*, 8 Vt. R. 224, it was held that the overseers of the poor of a town could not bind the town for the support of a pauper, having a settlement therein, beyond the sum of five dollars, without an order from a justice of the peace, in pursuance of the 20th section of the act. The only question is this; is this a case, from the facts detailed in the bill of exceptions, which requires an order from a justice, in order to render the town liable beyond the sum of five dollars. The poor in a

town may all be embraced in one of three classes; such as
have a settlement in the town ; such as come to reside in it,
and the transient poor, who are for the time being in the
town. No question can arise whom it was the intention of
the legislature to embrace in the first class. The second
class embraces such as come to reside in a town in the ordin-
ary way, and under such circumstances, and have such a
residence, as, if continued for the requisite time, would con-
summate a legal settlement. All others fall within the class
of *transient* poor.

Grand Isle,
January,
1842.

Harrington
v.
Town of Al-
burgh.

The case shows that this woman was brought into Alburgh,
by some person unknown, from across the lake, and left at
the house of a Mr. Sowles, sick and in need of relief, and
that she was immediately provided for by the overseers of the
poor of the town. It is evident that this pauper was trans-
ported into the town of Alburgh *with an intent* to render
the town chargeable with her support, or, at least, the evidence
tends to prove it, and if so, so far as the question now before
the court is concerned, it is the same thing. In no point
of view does she come to reside in the town in such a sense
as to fall within the second class of poor. She has but a naked
commorancy, a simple *being* within the town and this brought
about without her agency, and probably against her will.
We are all agreed that she must be regarded as one of the
*transient* poor, falling within the 11th section of the statute.
The question then returns, does the case of a *transient* per-
son, coming within the 11th section of the statute, also fall
within the 20th section, and require an order from a justice
of the peace ? I think not. The words of the 20th section
are, 'if any poor person *belonging* to any town or district
within this state shall apply for relief,' &c. It would be, I
think, a forced construction of language to hold that *tran-
sient* paupers *belong* to the town into which they may be
thrown. The obvious meaning of the term does not include
such, and there is no reason why it should have a straight-
ened construction. The term is satisfied by including such
poor as have a legal settlement in the town, and such as
come to reside in it, in the ordinary way ; and with this the
court should be content. The majority of the court now
present concur in this view ; but one of my brethren (Judge
Collamer,) is of the opinion that cases falling under the 11th

GRAND ISLE, section, as a general rule, should also be brought within the
January, 20th section; but, in this case, inasmuch as the account of the
1842.
————— plaintiff had been adjusted and allowed by the committee of
Administrator the town, and their report accepted by vote of the town, and
of Miller provision made for the means of payment; and the town had
v.
Truman. made the claim of the plaintiff the basis of a demand in their
favor against Randoph, and had sued Randolph and received
satisfaction; it is, he thinks, now too late for Alburgh to as-
sume, as a ground of defence, the want of an order.

The judgment of the county court is reversed.